**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SIBI Z. SADIA, | : |
|               Plaintiff, | :     Civil Action No. 14-7493 (MAS) (TJB) |
| v. | : |
| FIRST STUDENT, et al., | :     **MEMORANDUM OPINION** |
|               Defendants. | : |

**THIS MATTER** comes before the Court upon First Student Inc. ("First Student"), Diana Arias, Brad Byers, and Michele Buco Carmen's (collectively, "Defendants") Motion to Dismiss Sibi Z. Sadia's ("Plaintiff") pro se complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 13.) On December 2, 2014, Plaintiff filed a Complaint against Defendants. (Compl., ECF No. 1.) Plaintiff's Complaint alleged that:

> Senority [sic] rights violated hours Discriminatorily cut in half, Favoritism, Reprisals, Retaliation, Resulting from Previous lawsuit. As Head Shop Steward, I am Constanly [sic] being Ignored and Over looked Lack of Respect From Management No Matter The Situation. Always Augmentative [sic]. I am Always Be-Littled, Lack of Understanding From All THREE Defendants. Diana Arias, Brad Byers, Michele Buco Carmen for First Student.

(Compl. ¶ 9.) After Defendants filed their Motion to Dismiss, Plaintiff submitted correspondence and exhibits that provided dates and details of the alleged discrimination and retaliation. (ECF Nos. 17-22.)

When considering a Rule 12(b)(6) motion, a district court conducts a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the

elements a plaintiff must plead to state a claim.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must next "determine whether the facts alleged in the complaint are sufficient to show that [the] plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).

Here, even in the light most favorable to Plaintiff, the one-paragraph general narrative in the Complaint fails to allege specific facts sufficient to withstand Defendants' Motion to Dismiss.[1] (*See* Compl. ¶ 9.) While Plaintiff's correspondence and exhibits submitted in opposition to Defendants' Motion to Dismiss contain numerous specific facts, "in deciding a 12(b)(6) motion . . . , 'it is the usual practice for a court to consider only the allegations contained in the complaint [and] *exhibits attached to the complaint* . . . .'" *Grp. Against Smog & Pollution, Inc. v. Shenango Inc.*, 810 F.3d 116, 127 (3d Cir. 2016) (emphasis added) (quoting *City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 259 (3d Cir. 1998)); *see also Eisai Co. v. Mut. Pharm. Co.*, No. 06-3613, 2007 WL 4556958, at *7 (D.N.J. Dec. 20, 2007). The Court cannot consider Plaintiff's exhibits in deciding Defendants' motion because they did not form part of Plaintiff's Complaint. Accordingly, the Court finds good cause to grant Defendants' Motion to Dismiss and to provide Plaintiff thirty days to file an Amended Complaint. *See, e.g.*,

---

[1] Plaintiff's claims that his hours were cut, that he was belittled, misunderstood, disrespected, ignored, and overlooked are general in nature and not supported by specific facts that could suggest that such actions were motivated by Title VII discrimination. Plaintiff also makes a conclusory allegation of "Retaliation, Resulting from Previous lawsuit," but neither provides any information about that prior lawsuit nor pleads any retaliatory actions taken against him by Defendants in connection to that lawsuit. (*See* Compl. ¶ 9.)

2

*Hoist v. New Jersey*, No. 12-5370, 2013 WL 5467313, at *7 (D.N.J. Sept. 30, 2013); *Santos v. Iron Mountain Film & Sound*, No. 12-4214, 2013 WL 6054832, at *5 (D.N.J. Nov. 14, 2013).

Defendants also seek to dismiss the claims against Arias, Byers, and Carmen, arguing that individual employees cannot be held liable under Title VII. (Defs.' Moving Br. 4-5.) The Court agrees with Defendants. *See, e.g., Kachmar v. SunGard Data Sys., Inc.*, 109 F.3d 173, 183-84 (3d Cir. 1997); *Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1077-78 (3d Cir. 1996); *Kohn v. AT&T Corp.*, 58 F. Supp. 2d 393, 420-21 (D.N.J. 1999). Therefore, Plaintiff's Title VII claims against the individual Defendants are dismissed with prejudice.

The Court will issue an Order consistent with this Memorandum Opinion.

s/ Michael A. Shipp  
**MICHAEL A. SHIPP**  
**UNITED STATES DISTRICT JUDGE**

DATED: September 30, 2016